**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBIN MCDANIELS<br>18 E. Lancaster Avenue<br>Wynnewood, PA 19096<br><br>Plaintiff,<br><br>v.<br><br>HORIZON HOUSE, INC.<br>120 South 30th Street<br>Philadelphia, PA 19104<br><br>Defendant. | CIVIL NO. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Robin McDaniels ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against Defendant Horizon House, Inc. ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant has violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, 43 PA. C.S.A. § 951 *et seq.* ("PHRA") by terminating Plaintiff's employment because of her religion and in retaliation for Plaintiff's reports of discrimination in connection thereto. As a result, Plaintiff has suffered damages as set forth herein.

**PARTIES**

2. Plaintiff Robin McDaniels is a Muslim and Islamic female and citizen of the United States who presently maintains a residence at 18 E. Lancaster Avenue, Wynnewood, PA 19096.

3. Defendant Horizon House, Inc. is a for-profit business entity that maintains a registered business address of 120 South 30th Street, Philadelphia, PA 19104.

## JURISDICTION AND VENUE

4. On or about July 28, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. 200035(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-08536, and was filed within one hundred and eighty (180) days of the unlawful employment practice complained of herein.

5. By correspondence dated August 19, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising that she had ninety (90) days to file suit against Defendant.

6. Within the statutory time frame, Plaintiff filed the instant action.

7. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

8. This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343, as it is a civil rights action under the laws of the United States.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant maintains a place of business in this district at which Plaintiff worked and the events giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. Plaintiff began her employment with Defendant on or about May 24, 2024 in the position of Administrative Assistant.

13. Plaintiff is Muslim and observes the religious practice of Islam, which, at all times relevant hereto, Defendant was aware of.

14. At all times relevant hereto, Plaintiff performed her job well, receiving praise and positive reviews for her work performance, and was subjected to no justifiable discipline.

15. Throughout the course of her employment, Plaintiff was treated differently and subjected to discrimination, retaliation, and mistreatment because of her religion.

16. By way of example, Plaintiff was subjected to direct discriminatory comments about her religion.

17. Defendant's employee Brian Last Name Unknown ("Brian LNU") complained to Defendant about the fact that I was praying and stated that I had a supposed "scent."

18. More specifically, Brian LNU would comment that I "must have prayed this morning" because I "stink" and "smell like Frankincense."

19. Brian LNU would make these comments out loud, in an open floor setting for many employees to hear.

20. The aforementioned constitutes just some of the clearly discriminatory comments about Plaintiff's religion which she was subjected to, which continuously occurred.

21. As a result, Plaintiff went to management and made a complaint/report of discrimination.

22. In or around early January 2025, Plaintiff was called into a meeting with Brian LNU.

23. At the meeting, Defendant's Director, Carla Williams ("Ms. Williams") solely stated that the comments Brian had been making and his actions were "inappropriate."

24. No further action and/or discipline was taken.

25. Following this meeting, indirect comments and actions pertaining to my religion continued, unremedied.

26. Thus, Defendant failed to take appropriate remedial action to redress my complaint/reports of discrimination.

27. The same continued, unremedied.

28. In addition to Brian LNU, Plaintiff avers that she was discriminated against by Ms. Williams.

29. Ms. Williams had a direct issue with Plaintiff praying.

30. Previously, Plaintiff had asked for a quiet place to pray.

31. Plaintiff's Boss, George Last Name Unknown ("George LNU") informed Plaintiff that this would not be a problem and provided the space for me.

32. However, upon information and belief, George LNU was suffering from a medical ailment and began to be out of the office.

33. During this time, Ms. Williams would constantly come out of her office and ask where Plaintiff was.

34. Interestingly, Ms. Williams would always do this at the exact time(s) when Plaintiff was praying.

35. Upon finding out that Plaintiff was praying, Ms. Williams would constantly comment, "I need you to be available;" "I need you to be here when I need you;" and other similar comments which directly took issue with the fact that I was praying.

36. By way of another example, Plaintiff requested/inquired if it was possible to work one addition hour per day in order to leave work early on Friday.

37. Plaintiff made this request during Ramadan (which lasts for one month).

38. Plaintiff's request was blankly denied by Ms. Williams, who solely stated, "No." "We have a lot of Muslims working here, I don't do it for them and I don't do it for you."

39. Around the same time period, George LNU's job duties began to be delegated to Brian LNU and myself due to his extended period of being out of the office.

40. One part of said duties was to process rent payments.

41. However, Plaintiff did not know how to process rent payments as this job duty was never assigned for Plaintiff prior to George LNU's absence, nor Plaintiff trained how to do so.

42. Plaintiff informed Defendant that she did not know how to do this job task and requested training and/or assistance.

43. In response, Ms. Williams stated, "Figure it out" and that she "didn't have the time to train."

44. Plaintiff did not try to process the rent payments as she did not feel comfortable doing so and would make a mistake.

45. Ms. Williams proceeded to process the rent payments and then required Plaintiff to sign for the work.

46. Plaintiff did not want to sign because she did not actually do the work and did not feel comfortable signing the same.

47. Shortly thereafter, on or about January 30, 2025, Plaintiff was suddenly and unexpectedly terminated from her employment.

48. Defendant did not provide me with a specific reason for my termination, other than stating that I "did not pass my probationary period."

49. However, Plaintiff was hired on or about May 24, 2024.

50. Plaintiff's "probationary period" ended at the end of July 2024 per Defendant's policies.

51. Accordingly, it is believed and therefore averred that Plaintiff was discriminated against because of her religion and in retaliation for Plaintiff's good-faith complaint/report of discrimination in connection thereto.

52. Defendant's alleged reason for terminating Plaintiff is clearly pretextual.

53. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq*.**
**RELIGIOUS DISCRIMINATION & RETALIATION**

54. Paragraphs 1 through 53 are hereby incorporated by reference as though the same were fully set forth at length herein.

55. Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

56. Plaintiff is Muslim and observes the practice of Islam and, as such, is a member of a protected class.

57. Defendant was aware of Plaintiff's religion.

58. Plaintiff was subjected to discrimination, as described at length above, on the basis of her religion.

59. Plaintiff's internal complaints of religious discrimination constituted protected activity within the meaning of Title VII.

60. Despite Defendant's knowledge that Plaintiff was subjected to discrimination on the basis of her religion, Defendant failed to take appropriate remedial action to counter the conduct, which continued unabated until Plaintiff's termination.

61. Plaintiff was subjected to retaliation, as described at length above, for her complaints of discrimination.

62. Plaintiff was terminated on the basis of her religion and in a clear act of retaliation for her reports of discrimination for the same.

63. Defendant's conduct as alleged herein constitutes unlawful discrimination because of religion and retaliation for opposing workplace discrimination in violation of Title VII.

64. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00).

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 PA. C.S.A. § 951, *et seq.***
**<u>RELIGIOUS DISCRIMINATION & RETALIATION</u>**

65. Paragraphs 1 through 64 are hereby incorporated by reference as though the same were more fully set forth at length herein.

66. At all times relevant hereto, Plaintiff was an employee within the meaning of the Pennsylvania Human Relations Act, 43 PA. C.S.A. § 951 *et seq.* ("PHRA").

67. Pursuant to the PHRA, Defendant unlawfully and illegally discriminated against Plaintiff on the basis of her religion.

68. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

69. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

70. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

71. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted

**MURPHY LAW GROUP, LLC**

By: *_/s/ Andrew J. Schreiber*

Andrew J. Schreiber, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: November 16, 2026

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.